UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:        DONALD W. VOLLMER.                    Case No. 07-30333-KRH
                                                    Chapter 7
              Debtor.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the motion of Donald Vollmer (the "Debtor") for a permanent waiver of the credit counseling requirement of 11 U.S.C. § 109(h). The Debtor filed *pro se* a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 30, 2007. The Debtor timely filed an affidavit in support of a request to proceed *in forma pauperis* which relief the Court granted by order entered February 12, 2007.

On January 31, 2007, the clerk's office issued a notice of deficiency to the Debtor advising that a certificate of credit counseling had not been filed with the petition (the "Notice of Deficiency"). In order to file a case under the Bankruptcy Code, individual debtors must obtain credit counseling within 180 days prior to filing the bankruptcy petition from an approved nonprofit budget and credit counseling agency. 11 U.S.C.A. § 109(h)(1) (West Supp. 2006).[1] In enacting the requirement for a pre-petition credit counseling briefing, Congress wanted to insure that individuals were making "an informed choice about bankruptcy, its alternatives, and consequences" before commencing a bankruptcy case. H.R. Rep. No. 109-31, at 2 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 89.

---

[1] Congress added § 109(h) to the Bankruptcy Code as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This provision of BAPCPA, which became effective on October 17, 2005, provides, in pertinent part, that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) [of the Bankruptcy Code] an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1).

Interim Procedure 1007-1(J)(1)[2] requires that a debtor filing a voluntary bankruptcy petition simultaneously file with the court a certification from an approved nonprofit budget and credit counseling agency. If the debtor fails to do so, Interim Bankruptcy Procedure 1007-1(J)(4) provides for the bankruptcy petition to be dismissed unless the Debtor cures the deficiency or the court allows an exemption or a deferral.

The Debtor filed the present motion in response to the Notice of Deficiency issued by the clerk's office. In support of the motion, the Debtor asserts that he is presently incarcerated by the Virginia Department of Corrections, in its Haynesville Correctional facility, and that he has been incarcerated since July 1, 2001. The Debtor states that no credit counseling courses were available to him prior to filing the petition because he was incarcerated and because he had no access to a computer or to a telephone. The Debtor states that "in order to accomplish the [credit counseling], I must rely on the U.S. Postal Service." The Debtor anticipates remaining incarcerated until his release date of September 18, 2013.

On February 15, 2007, the Office of the U.S. Trustee filed an objection to the Debtor's motion to proceed without credit counseling. The U.S. Trustee argues that Bankruptcy Code §§ 109(h)(2) and (4) provide for limited circumstances in which a debtor may receive a permanent waiver of the credit counseling requirement of Bankruptcy Code § 109(h)(1). Bankruptcy Code § 109(h)(4) provides that "the requirements of [Bankruptcy Code § 109(h)(1)] shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C.A. § 109(h)(4) (West Supp. 2006). Bankruptcy Code §

---

[2] The Interim Procedures Governing Practice and Procedure Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, initially adopted pursuant to Standing Order No. 05-9, entered by the United States Bankruptcy Court for the Eastern District of Virginia on October 17, 2005 (the "Interim Procedures"), outline the necessary steps for compliance with the Bankruptcy Code's credit counseling provision.

2

109(h)(4) specifically defines disability to mean "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under [Bankruptcy Code § 109(h)(1 )]." 11 U.S.C.A. § 109(h)(4) (West Supp. 2006).

The Court agrees that the Debtor is ineligible for a permanent waiver of the credit counseling requirement under Bankruptcy Code § 109(h)(4). The Court has held previously that a debtor, by virtue of incarceration, is not considered disabled under Bankruptcy Code § 109(h)(4). *In re Star*, 341 B.R. 830 (Bankr. E.D. Va. 2006). The court in *Star* explained that the term *impaired* as used in the statutory definition of *disabled* means: "'1. Diminished, damaged, or weakened; 2. Functioning poorly or incompetently; 3. Having a physical or mental disability.' American Heritage College Dictionary 694 (4th ed. 2004)." As incarceration is not within the Congressionally defined meaning of "disability", a jailed individual does not meet the exception for a permanent waiver under Bankruptcy Code § 109(h)(4). *Id.*

The Court may, however, grant the Debtor a temporarily exemption from the requirements of 11 U.S.C. § 109(h)(1). Section 109(h)(3)(A) sets forth a three-part test which, if satisfied, permits the Court to extend the time a debtor has to comply with the credit counseling requirement. Under that section, a debtor may be entitled to a temporary waiver if he files a certification that:

(i)     describes exigent circumstances that merit a waiver;
(ii)    states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services during the 5-day period beginning on the date on which he made the request; and
(iii)   is satisfactory to the court.[3]

---

[3] Interim Procedure 1007-1(J)(2) provides that if the debtor files a certification in support of a request citing exigent circumstances that the debtor has attempted, but was unable to, obtain credit counseling within five (5) days from making the request, the request may be granted if the request is satisfactory to the court. The Court will treat the Debtor's request for a permanent waiver of the credit counseling requirement as a certification of exigent circumstances.

All three requirements of § 109(h)(3)'s three-part test must be satisfied if the debtor is to be granted a deferral of the credit counseling requirement. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005)

This Court has previously found that where the second element of the three-part test - that the debtor requested credit counseling services but was unable to obtain them within five days of making the request - is not satisfied, the case must be dismissed. *In re Cottrell*, No. 07-30078-KRH (Bankr. E.D. Va. filed January 18, 2007). In *Cottrell*, the debtor did not assert that credit counseling was requested prior to filing the bankruptcy petition or that he was unable to receive the services prior to filing his case.

The question presented here is whether the second element may be waived when the debtor is unable to request credit counseling services in the first instance?  The debtor was unable to request credit counseling services in person due to the fact that he was incarcerated, and he was unable to request credit counseling services by telephone or by internet briefing because he had no access to either a telephone or a computer.

Congress anticipated that situations might occur where individuals would not have access to credit counseling services.  Section 109(h)(2)(A), for example, provides for a permanent waiver of the credit counseling requirement if the United States Trustee has determined that the debtor resides in a district where credit counseling agencies are not reasonably able to provide adequate services to individuals.  The statute leaves this determination with the United States Trustee and it apparently must be made on a district wide basis. 11 U.S.C. § 109(h)(2)(A). The United States Trustee has not made any such determination in this district.

The eligibility requirements of § 109 of the Bankruptcy Code are not jurisdictional.  *In re Ross,* 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006) ("The Court concludes that eligibility under

4

§109 in general and under §109(h) in particular is not jurisdictional. . . ."); *In re Tomco,* 339 B.R. 145 (Bankr. W.D. Pa. 2006.) ("[T]his Court's conclusion is also consistent with the decisions reached in other courts which hold that Section 109 of the Bankruptcy Code is not jurisdictional."); *In re Seaman,* 340 B.R. 698, 707 (Bankr. E.D.N.Y. 2006) ("[T]his Court concludes that a petitioner's eligibility to be a debtor under Section 109 is not jurisdictional."). As the court explained in *In re Parker*, 351 B.R. 790 (Bankr. N.D. Ga. 2006), "The authority of the court to enter orders in a bankruptcy case is determined by 28 U.S.C. § 1334 and 28 U.S.C. § 157. . . . Determining eligibility is certainly a matter which 'arises in a case under Title 11.'" *Id.* at 796. As one leading treatise has observed, "[b]ecause eligibility requirements are not jurisdictional, they may be waivable by the court." 2 *Collier on Bankruptcy* ¶109.09[3] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. 1998). *See also In re Parker*, 351 B.R. at 797 (the requirements of Section 109 are waivable).

Nothing in the statute suggests that Congress intended for the United States Trustee's certification that there is insufficient credit counseling available to be the exclusive means by which a waiver may be effected. As *Collier on Bankruptcy* points out, not all debtors have access to the internet and some debtors do not have a telephone or are unable to use the telephone due to some other problems. Debtors confronted with this situation may, as in the case at bar, find it impossible to travel. 2 *Collier on Bankruptcy* ¶109.09[2] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. 1998). If there is no possibility for the debtor to request credit counseling, the Court must have the ability to waive the requirement. *In re Petit-Louis*, 338 B.R. 132, 134 (Bankr. S.D. Fla. 2006)("credit counseling requirement [waived] because of the inability of any … agencies to provide pre-bankruptcy counseling"); *In re Star*, 341 B.R. at 831 ("The Court may defer the requirement of credit counseling . . . for cause shown.")

As it was not possible for the debtor to request credit counseling services prior to filing the bankruptcy petition, the court will grant the deferral of the credit counseling requirement in order to allow the debtor to obtain the requisite credit counseling. Pursuant to § 109(h)(3)(B) the court may only extend the period for 30 days from the date the petition was filed. For cause, the court may order an additional 15 day extension, resulting in a total of 45 days, for the debtor to obtain the credit counseling briefing. Accordingly,

**IT IS ORDERED**, that the Debtor's motion for an extension of time in order to accomplish the credit counseling briefing be, and it hereby is, **GRANTED**. It is **FURTHER ORDERED** that the Debtor must complete credit counseling as required by § 109(h)(1) of the Bankruptcy Code within 45 days of the filing of his bankruptcy petition, or by **March 16, 2007.**

ENTERED: _____

                                                    /s/ Kevin R. Huennekens
                                      UNITED STATES BANKRUPTCY JUDGE

Copies to:

Donald Warren Vollmer
Haynesville Corr. Center
P.O. Box 129
#160925, 2B-#8
Haynesville, VA 22472

Robert B. Van Arsdale
Assistant U. S. Trustee
600 E. Main St., Suite 301
Richmond, VA  23219