UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:        DONALD W. VOLLMER,                    Case No. 07-30333-KRH
                                                    Chapter 7
              Debtor.

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on the timely motion of Donald Vollmer (the "Debtor") for reconsideration of the Court's ruling granting him a temporary waiver of the credit counseling requirement of the Bankruptcy Code.[1]

The Debtor filed *pro se* a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 30, 2007. The Debtor filed an affidavit in support of a request to proceed *in forma pauperis*, which relief the Court granted by order entered February 12, 2007.

On January 31, 2007, the clerk's office issued a notice of deficiency to the Debtor advising that a certificate of credit counseling had not been filed with the petition (the "Notice of Deficiency"). In order to qualify to be a debtor under the Bankruptcy Code, individual debtors must obtain credit counseling within 180 days prior to filing the bankruptcy petition from an approved nonprofit budget and credit counseling agency. 11 U.S.C.A. § 109(h)(1). In enacting the requirement for a pre-petition credit counseling briefing, Congress wanted to ensure that

---

[1] 11 U.S.C.A. § 109(h). Congress added § 109(h) to the Bankruptcy Code as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This provision of BAPCPA, which became effective on October 17, 2005, provides, in pertinent part, that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) [of the Bankruptcy Code] an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1). The changes to the Bankruptcy Code affected by BAPCPA have not yet been codified into the official United States Code. Since this opinion addresses primarily sections of the Bankruptcy Code affected by BAPCPA, all references to the Bankruptcy Code are to the United States Code Annotated 2004, as amended by West Supp. 2006.

individuals were making "an informed choice about bankruptcy, its alternatives, and consequences" before commencing a bankruptcy case. H.R. Rep. No. 109-31, at 2 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 89.

Interim Procedure 1007-1(J)(1)[2] requires that a debtor filing a voluntary bankruptcy petition simultaneously file with the court a certification from an approved nonprofit budget and credit counseling agency. If the debtor fails to do so, Interim Bankruptcy Procedure 1007-1(J)(4) provides for the bankruptcy petition to be dismissed unless the Debtor cures the deficiency or the court allows an exemption or a deferral.

In response to the Notice of Deficiency issued by the clerk's office, the Debtor filed a motion requesting a permanent waiver of the credit counseling requirement. In support of the motion, the Debtor asserted that he is presently incarcerated by the Virginia Department of Corrections in its Haynesville Correctional facility, that he has been incarcerated since July 1, 2001, and that his release date is scheduled to be September 18, 2013. The Debtor stated that no credit counseling courses were available to him prior to filing his bankruptcy petition because he was incarcerated and because he had no access to a computer or to a telephone.

The Office of the U.S. Trustee filed an objection to the Debtor's motion to proceed without credit counseling, arguing that Bankruptcy Code §§ 109(h)(2) and (4) provide for limited circumstances in which a debtor may receive a permanent waiver of the credit counseling requirement of Bankruptcy Code § 109(h)(1). Bankruptcy Code § 109(h)(4) provides that "the requirements of [Bankruptcy Code § 109(h)(1)] shall not apply with respect to a debtor whom

---

[2] The Interim Procedures Governing Practice and Procedure Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, initially adopted pursuant to Standing Order No. 05-9, entered by the United States Bankruptcy Court for the Eastern District of Virginia on October 17, 2005, and subsequently amended (the "Interim Procedures"), outline the necessary steps for compliance with the Bankruptcy Code's credit counseling provision.

the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C.A. § 109(h)(4). Bankruptcy Code § 109(h)(4) specifically defines disability to mean "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under [Bankruptcy Code § 109(h)(1 )]." *Id*.

The Court agreed with the position advanced by the Office of the U.S. Trustee that the Debtor was ineligible for a permanent waiver of the credit counseling requirement under Bankruptcy Code § 109(h)(4). The Court noted that this Court has held previously that a debtor, by virtue of incarceration, is not considered disabled under Bankruptcy Code § 109(h)(4). *In re Star*, 341 B.R. 830 (Bankr. E.D. Va. 2006).

Alternatively, § 109(h)(2)(A) provides for a permanent waiver of the credit counseling requirement if the Office of the U.S. Trustee has determined that the debtor resides in a district in which credit counseling agencies are not reasonably able to provide adequate services to individuals. The statute leaves the determination of the adequacy of services with the Office of the U.S. Trustee, and the determination apparently must be made on a district wide basis. 11 U.S.C. § 109(h)(2)(A). 2 *Collier on Bankruptcy* ¶109.09[2] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. 1998). The Office of the U.S. Trustee has not made any such determination in this district. Thus, the Court did not grant the Debtor a permanent waiver of the credit counseling requirement based upon § 109(h)(2)(A).

The Court, however, did grant the Debtor a temporary exemption from the requirements of 11 U.S.C. § 109(h)(1), using the three-part test of § 109(h)(3)(A). That test, if satisfied, permits the Court to extend the time a debtor has to comply with the credit counseling

3

requirement. Under that section, a debtor may be entitled to a temporary waiver if he files a certification that:

1. describes exigent circumstances that merit a waiver;
2. states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services during the 5-day period beginning on the date on which he made the request; and
3. is satisfactory to the court.

11 U.S.C. § 109(h)(3). All three requirements of § 109(h)(3)'s three-part test must be satisfied if the debtor is to be granted a deferral of the credit counseling requirement. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005). The Court focused its inquiry upon whether the second element may be waived when a debtor is unable to request credit counseling services in the first instance. The Debtor was unable to request credit counseling services in person due to the fact that he was incarcerated, and he was unable to request credit counseling services by telephone or by internet briefing because he had no access to either a telephone or a computer.

In granting the temporary waiver, the Court was persuaded that Congress anticipated that situations might occur where individuals would not have access to credit counseling services, citing as an example § 109(h)(2)(A)'s provision for a permanent waiver of the credit counseling requirement if the Office of the U.S. Trustee has determined that the debtor resides in a district where credit counseling agencies are not reasonably able to provide adequate services to individuals.

An integral part of the Court's analysis was its conclusion that the eligibility requirements of § 109 of the Bankruptcy Code are not jurisdictional.[3] As the eligibility

---

[3] *In re Ross,* 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006) ("The Court concludes that eligibility under §109 in general and under §109(h) in particular is not jurisdictional. . . ."); *In re Tomco,* 339 B.R. 145 (Bankr. W.D. Pa. 2006) ("[T]his Court's conclusion is also consistent with the decisions reached in other courts which hold that Section 109 of the Bankruptcy Code is not jurisdictional."); *In re Seaman,* 340 B.R. 698, 707 (Bankr. E.D.N.Y. 2006) ("[T]his Court concludes that a petitioner's eligibility to be a debtor under Section 109 is not jurisdictional.").

4

requirements are not jurisdictional, they may be waived by the Court. The Court observed that nothing in the statute suggests that Congress intended for the U.S. Trustee's certification that there is insufficient credit counseling available to be the exclusive means by which a waiver may be effected, since not all debtors have access to the internet or telephone. Debtors confronted with this situation may, as in the case at bar, find it impossible to travel. 2 *Collier on Bankruptcy* ¶109.09[2] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. 1998). If there is no possibility for the debtor to request credit counseling, the Court concluded that it must have the ability to waive the requirement. *See In re Petit-Louis*, 338 B.R. 132, 134 (Bankr. S.D. Fla. 2006) ("credit counseling requirement [waived] because of the inability of any . . . agencies to provide pre-bankruptcy counseling"); *In re Star*, 341 B.R. at 831 ("The Court may defer the requirement of credit counseling . . . for cause shown.")

As it was not possible for the debtor to request credit counseling services prior to filing the bankruptcy petition, the Court, by order entered February 16, 2007, granted a deferral of the credit counseling requirement to allow the debtor additional time to obtain the requisite credit counseling. In his motion for reconsideration, the Debtor raises once again his lack of access to either a computer or a telephone. The Debtor argues that under his present circumstances, it is simply not possible for him to obtain the requisite credit counseling and that a permanent waiver is justified.

In its response to the motion for reconsideration, the Office of the U.S. Trustee confirmed that the Debtor has no telephone or computer access other than the ability to make collect calls.

---

As the court explained in *In re Parker*, 351 B.R. 790 (Bankr. N.D. Ga. 2006), "The authority of the court to enter orders in a bankruptcy case is determined by 28 U.S.C. § 1334 and 28 U.S.C. § 157. . . . Determining eligibility is certainly a matter which 'arises in a case under Title 11.'" *Id*. at 796. As one leading treatise has observed, "[b]ecause eligibility requirements are not jurisdictional, they may be waivable by the court." 2 *Collier on Bankruptcy* ¶109.09[3] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. 1998). *See also In re Parker*, 351 B.R. at 797 (the requirements of Section 109 are waivable).

5

The Office of the U.S. Trustee represented that it was unaware of any credit counseling institution in the United States that would accept collect calls. The Office of the U.S. Trustee thus concluded, and the Court agrees, that even though imprisonment alone is not a "disability" sufficient to merit a waiver under § 109(h)(4), the Debtor is truly unable to participate in either the required credit counseling or financial management courses[4] and that a permanent waiver of both of those requirements is justified in this case. Under such circumstances, the Court must have the authority not only to defer the credit counseling requirement but also to waive the requirement completely. *See In re Petit-Louis*, 338 B.R. 132; *In re Star*, 341 B.R. 830. As the Office of the U.S. Trustee has withdrawn its objection to the Debtor's request for a permanent waiver, and as no credit counseling agency is reasonably able to provide adequate service to the Debtor in this District, such a waiver is justified and proper in this case.

      **IT IS ORDERED** that the Debtor's motion for a waiver of the credit counseling required by § 109(h)(1) of the Bankruptcy code be, and it hereby is, **GRANTED**, and it is also

      **ORDERED** that the Debtor is further excepted from the requirement that he participate in the post-petition instructional course in financial management required by 11 U.S.C.A. § 727(a)(11).

ENTERED: _____

                                                                         /s/ Kevin R. Huennekens
                                              UNITED STATES BANKRUPTCY JUDGE

---

[4] Bankruptcy Code § 727(a)(11) provides that the Court shall grant a debtor a discharge unless "after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in Section 109(h)(4) or who resides in a district for which the United States Trustee . . . determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section." 11 U.S.C.A. § 727(a)(11).

Copies to:

Donald Warren Vollmer
Haynesville Corr. Center
P.O. Box 129
#160925, 2B-#8
Haynesville, VA 22472

Robert B. Van Arsdale
Assistant U. S. Trustee
600 E. Main St., Suite 301
Richmond, VA  23219